IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALVIN P. FORTUNATO** *individually and as Trustee of THE REVOCABLE TRUST AGREEMENT OF ALVIN P. FORTUNATO DATED OCTOBER 18, 1999*, **ARLENE M. FORTUNATO** *individually and as Trustee of THE REVOCABLE TRUST AGREEMENT OF ARLENE M. FORTUNATO DATED OCTOBER 18, 1999*, and **DARREN J. FORTUNATO** *individually and as Trustee of THE REVOCABLE TRUST AGREEMENT OF DARREN J. FORTUNATO DATED OCTOBER 18, 1999*, <br><br>    Plaintiffs, <br><br>v. <br><br>**SUSAN J. ZONA** *individually, as Executrix of THE ESTATE OF JAMES E. ZONA, and as Trustee of THE TRUST OF JAMES E. ZONA*, **ANGELA ZONA CARR** *an individual*, and **PITTSBURGH PLASTICS MANUFACTURING INC.** *a Pennsylvania corporation*, <br><br>    Defendants. | CIVIL ACTION NO. 11-764 <br><br> JUDGE JOY FLOWERS CONTI |

## ORDER

**Upon consideration of plaintiffs' Motion to Compel and Motion for Protective Order (ECF No. 82) and defendants' Motion for Protective Order (ECF No. 80), the court hereby FINDS:**

(1) Defendants maintain that Pennsylvania's Dead Man's Act may be applicable to some or all of the deposition testimony taken of defendants or others in this litigation and do not waive their rights to object to any testimony offered at trial that defendants believe is rendered incompetent by Pennsylvania's Dead Man's Act.

(2) Plaintiffs maintain that Pennsylvania's Dead Man's Act is inapplicable to testimony offered by any defendant, is not a valid basis for defense counsel's objection either during depositions or during trial, and do not waive their right to oppose any assertion of the Dead Man's Act made by defendants.

**AND NOW, this 1<u>st</u> day of August, 2012, upon consideration of these findings and the above-referenced motions, such motions are denied in part and granted in part. It is hereby ORDERED:**

(1) Defendants have a standing objection based upon Pennsylvania's Dead Man's Act, 42 Pa.C.S. § 5930, to any questions asked by plaintiffs' counsel during depositions and do not waive that objection: (i) by failing to make or repeat that objection to specific questions proffered by plaintiffs' counsel during depositions; (ii) as a result of any answers given by any defendants during their depositions; or (iii) as a result of any questions asked or answers given by any defendants at their depositions regarding any document or other exhibit about which questions are asked;

(2) Counsel for defendants may not instruct any witness not to answer a question or questions proffered during a deposition, citing Pennsylvania's Dead Man's Act as the basis for not answering the question(s). Objections to form and privilege are preserved and may be made.

(3) Counsel for plaintiffs reserves, and does not waive, its right to make legal arguments at trial in opposition to any invocation or assertion of the Dead Man's Act made by defendants.

(4) Counsel for defendants reserves, and does not waive, their right to make legal arguments at trial in support of their position that any specific testimony given by any defendant during depositions or any document testified about matters preceding Mr. Zona's death in such depositions are not admissible into evidence at time of trial under the Dead Man's Rule or constitute a waiver of said Rule, or that any party having an adverse interest to defendants is prohibited from testifying to any matters, statements, things or events preceding Mr. Zonas death.

(5) The depositions of defendants are being taken for discovery and not for use at trial, without waiving the parties' right to use said depositions in accordance with the Federal Rules of Civil Procedure and Evidence.

(6) Both parties will have the rights at trial to raise any other evidentiary basis for including or excluding evidence.

(7) Nothing contained in this order will preclude any party from raising or arguing with respect to a dispositive motion or at trial, that any deposition testimony,

which is the subject of this order, will be admissible or inadmissible on any evidentiary basis, including without limitation, the Dead Man's Act.

BY THE COURT,

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
District Judge